CHAS. D. NOLAN, Appellant, v. LARIMER & SHAFFER, INC., et al., Claimants, and L. A. ANDREW, Superintendent of Banking, Appellees.

No. 42241.

APRIL 3, 1934.

REHEARING DENIED JUNE 23, 1934.

600

F. L. Anderson and John D. Stewart, for appellant.

R. W. Greene and J. E. Franken, for appellee and cross-petitioners American Trust & Savings Bank and L. A. Andrew.

Nichols, Nichols & Milroy, and Deacon, Sargent & Spangler, for appellee E. K. Larimer Hardware Co.

Victor D. Vifquain, County Attorney, for Benton County.

Paul F. Jones, for appellee Larimer & Shaffer, Inc.

Comfort & Comfort, for appellee Massachusetts Bonding & Surety Co.

Charles E. Hughes, for appellee Porter Kimm.

MITCHELL, J.—Charles D. Nolan filed a petition in equity, alleging that Benton county, Iowa, entered into a contract with Larimer & Shaffer, Inc., for the supplying by Larimer & Shaffer of crushed rock to be used in the construction of certain highway improvements; the said contract being entered into on or about April 14, 1932. The petition further alleged that on that date the appellant entered into an oral contract with the said Larimer & Shaffer, Inc., to furnish equipment and to perform labor of drilling blasting holes in the rock quarry of said company, which was situated near Cedar Rapids, in Linn county; that the said Nolan, in the performance of said oral contract on his part, drilled a large number of blasting holes in said quarry; that an itemized statement thereof was filed in the office of the auditor of Benton county on January 7, 1933; that the balance due the appellant for said drilling was $1,868.72; and that there was a balance due from Benton county to Larimer & Shaffer, Inc., on this contract, in the sum of $2,961.19.

The appellant also alleged that the appellees, E. K. Larimer Hardware Company and the American Trust & Savings Bank each claimed some interest in the funds in the hands of the county of Benton, and he prayed that the court find and determine the rights and interests of the respective parties to the funds, and that judgment be entered accordingly and direction given in order that the county auditor of Benton county might pay out the funds constituting the balance held by the county to the parties entitled thereto, and that the fund be impressed with the lien of the appellant in the amount of $1,868.72. The appellant prayed generally for such further rights and awards, including the taxing against said fund of a reasonable attorney's fee as provided in chapter 452 of the 1931 Code, and for costs.

The appellees American Trust & Savings Bank filed an answer and cross-petition in which they admitted the contract between Larimer & Shaffer and Benton county for the furnishing of the crushed rock by Larimer & Shaffer to Benton county, but denied that the appellant had any claim whatever to the funds in the possession of Benton county as the balance due on said contract with Larimer & Shaffer, and denied that the appellant furnished material or performed labor in the said highway improvement and that he was entitled to a lien under chapter 452 of the Code. As a cross-petition, the American Trust & Savings Bank pleaded an assignment by Larimer & Shaffer, Inc., to the bank of all their right, title, and interest in the proceeds received from the contract between Larimer & Shaffer, Inc., and Benton county, alleging the assignment to have been executed under date of November 7, 1932, and that notice of said assignment was served upon the auditor of Benton county.

The appellees E. K. Larimer Hardware Company, Inc., filed an answer and cross-petition in which they admitted the contract between Larimer & Shaffer and Benton county, providing for Larimer & Shaffer to furnish crushed rock to be used in the construction of certain highway improvements in Benton county; but they denied that the appellant had any right, title, or interest to the funds in the hands of Benton county, and denied that the claim of the appellant was within the provisions of the statutes of the state of Iowa relating to labor and material in public improvements, and denied that the appellant furnished any labor or material in the construction of said public improvements in Benton county. By way of cross-petition, E. K. Larimer Hardware Company pleaded that on the 5th day of January, 1933, they obtain a judgment against

Larimer & Shaffer, Inc., in the sum in excess of $8,000 and costs, in the district court of Linn county, Iowa, for powder and explosives sold and delivered to Larimer & Shaffer for use in the quarry at Cedar Rapids; that by virtue of an execution on said judgment the county of Benton was garnished on January 7, 1933; that the county of Benton had filed its answer as garnishee, admitting that it had in its possession the sum of $2,961.19. E. K. Larimer Hardware Company alleged that their claim and lien upon the said fund in the hands of Benton county was prior and superior to the claim or lien of the appellant and any of the other defendants.

The appellees Larimer & Shaffer filed an answer in which they admitted that they had entered into a contract with the county of Benton to supply crushed rock to the county of Benton for certain highway construction, and admitted that the appellant had filed a claim with the county auditor of Benton county, but denied the other allegations of the petition.

The appellee Porter Kimm filed an answer alleging that there was a claim due him of $310.52 on account of labor and service rendered by him in construction work.

The appellees E. K. Larimer Hardware Company filed their answer to the cross-petition of the American Trust & Savings Bank, in which they denied on information and belief the existence of the assignment by Larimer & Shaffer to said bank, and denied that said assignment was superior to the rights of the appellees E. K. Larimer Hardware Company.

The Massachusetts Bonding & Surety Company filed an answer in which it admitted the execution of its bond, but denied that the appellant furnished any material or services in the construction of the public improvement as contemplated by the statute.

The other claimants who had filed claims with the county auditor all withdrew their claims.

It is apparent, therefore, that the pleadings present two controversies: First, that between the appellant on the one hand and the appellees the American Trust & Savings Bank and Larimer Hardware Company, on the other hand, as to whether the appellant's claim set forth in his petition was such a claim that would entitle the appellant to a lien under chapter 452 of the Code; and, second, if the appellant had no lien under his claim as filed by him with the county auditor of Benton county, then the controversy was between the American Trust & Savings Bank and E. K. Larimer

Hardware Company as to whether the bank was entitled to the entire fund under its alleged assignment or whether the Larimer Hardware Company was entitled to the entire fund under its judgment and garnishment.

In view of the situation just referred to as to the issues, the court at the commencement of the trial made the following ruling:

"The cause came on for hearing upon the issues presented by the Plaintiff's petition and the answers thereto, the trial upon the issues between the Defendants, American Trust & Savings Bank and E. K. Larimer Hardware Company, raised by the cross-petitions being reserved and continued to a later date. Cause proceeds to trial only on the issues of the claim of the Plaintiff. The issues as to the other Defendants continued."

Under the ruling above set out, the court listened to the evidence presented by the appellant and by the appellees on the claim of the appellant, and entered an order and decree in which the court found that the appellant was not entitled to the relief asked for in his petition and was not entitled to have his claim, asserted by him in his petition, established against the funds in the hands of Benton county, under chapter 452 of the Code; that the appellant's petition and the claim presented thereby against the funds in the hands of Benton county was dismissed at appellant's costs. And the court in the decree ordered that the trial of the issues raised by the cross-petitions filed by the appellees American Trust & Savings Bank and E. K. Larimer Hardware Company be continued to such date as agreed upon by said appellees.

From the order and judgment of the lower court, Charles D. Nolan, the plaintiff below, has appealed to this court.

The questions which confront this court now are whether or not the lower court was right in holding that the appellant, Charles D. Nolan, was not entitled to the relief prayed for, in his petition, to wit, the establishment of a lien against the funds in the hands of Benton county under chapter 452 of the Code, and whether or not the lower court was right in refusing to enter a judgment against Larimer & Shaffer, Inc., for the amount due the said Charles D. Nolan for drilling blasting holes in the quarry.

We will first take up the question of whether or not Nolan was entitled to a lien under chapter 452 of the 1931 Code against the funds in the hands of the county auditor of Benton county.

Code, section 10305, provides:

"10305. Claims for material or labor. Any person, firm, or corporation who has, under a contract with the principal contractor or with subcontractors, performed labor, or furnished material, service, or transportation, in the construction of a public improvement, may file, with the officer, board or commission authorized by law to let contracts for such improvement, an itemized, sworn, written statement of the claim for such labor, or material, service, or transportation."

It will be noted that the statute just quoted provides that those who are entitled to liens must be those who "under a contract with the principal contractor or with subcontractors, performed labor, or furnished material, service, or transportation, in the construction of a public improvement." In the case at bar Larimer & Shaffer were not engaged in the construction of a public improvement. Larimer & Shaffer, Inc., had entered into a contract with Benton county, not for the construction of a public improvement, but for the furnishing of certain crushed rock which was to be delivered to Benton county. It is true that the record shows Benton county was going to use the crushed rock in the construction of a public improvement, but the construction was to be by Benton county and not by Larimer & Shaffer. Larimer & Shaffer's contract simply provided for the furnishing to Benton county of the crushed rock, and not for the construction of a public improvement.

This very question has lately been before this court. In the case of Forsberg v. Koss Construction Company, reported in 218 Iowa 818, at page 825, 252 N. W. 258, Chief Justice Claussen, speaking for the court, said:

"One who furnishes material under contract with the principal contractor may file a claim for the price of such material. One who performs labor under contract with the principal contractor may file a claim for his wages. But the employee of one who furnishes material to the principal contractor has no contract with the principal contractor and performs no labor for him. His contract of employment is with the one who furnishes the material, and his labor is performed for the materialman. He may not file a claim for his wages because his labor was not performed under contract with the principal contractor. It seems clear, under the statute, that demands for labor and materials entering into the pro-

duction and transportation of material furnished to the principal contractor, up to the time it is delivered, may not be filed as claims under the statute, for the requirement of the statute is that the material must be furnished and the labor performed under contract *with* the principal contractor.

"We are not unmindful of the fact that under the statute one who furnishes material or performs·labor under contract with a subcontractor in the construction of a public improvement may file a claim. The relationship between the principal contractor and the materialman is contractual, but the fact that the contractor has a contract with the materialman does not make the materialman a subcontractor. The laborer who works on the job with a shovel has a contract with the contractor under which he performs a part of the work, as indispensable to its completion as the furnishing of material, yet no one would contend for a moment that he is a subcontractor."

In view of the decision above cited, which covers the case at bar, we are constrained to hold that the lower court was right in denying to the appellant the lien which he claimed.

The second proposition which is before this court is the claim of the appellant that he is entitled to personal judgment against Larimer & Shaffer.

It appears from the record that there is no question Larimer & Shaffer, Inc., are indebted to Mr. Nolan, the appellant, in the amount of $1,868.72. It is admitted in the record by the president of said corporation that they were so indebted. And, in view of the admission by Larimer & Shaffer, Inc., the lower court should have entered personal judgment against Larimer & Shaffer, Inc., in the amount of $1,868.72, with interest and costs. And the judgment and decree of the lower court will be reversed and remanded, with direction to the lower court to enter judgment against the appellees Larimer & Shaffer, Inc., and as to all other parties the judgment and decree of the lower court will be affirmed.—Affirmed in part, reversed in part.

CLAUSSEN, C. J., and EVANS, STEVENS, KINDIG, ANDERSON, and KINTZINGER, JJ., concur.